(75 South. 234)

No. 21451.

MERCER et ux. v. NATCHEZ BALL & S.
RY. CO.

(April 16, 1917.   Rehearing Denied May 14,
1917.)

*(Syllabus by the Court.)*

JUDGMENT ⚖627 — RES JUDICATA — INTER-
LOCKING CORPORATIONS.

A judgment rendered in favor of one of two
interlocking corporations, owned by the same
stockholders, managed by the same individuals,
and engaged in a common enterprise, but having
a separate and distinct corporate existence and
identity, has not the force of res judicata in fa-
vor of the other corporation.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. §§ 1141–1143.]

Appeal from Thirteenth Judicial District
Court, Parish of Grant; W. F. Blackman,
Judge.

Action by Mose Ely Mercer and wife
against the Natchez Ball & Shreveport Rail-
way Company.  Judgment for defendant, and
plaintiffs appeal.  Judgment annulled and
reversed, and cause remanded to district
court, to be tried upon its merits.

See, also, 132 La. 796, 61 South. 795.

Harry Gamble, of New Orleans, for appel-
lants.   Blackman, Overton & Dawkins, of
Alexandria, for appellee.

O'NIELL, J.   While the plaintiffs' son,
about 15 years of age, and a boy named Carl
Watson, and others, were employed at an
embankment or fill, on the Natchez Ball &
Shreveport Railroad, the embankment caved
in upon them, killing the plaintiffs' son and
injuring the Watson boy.

The principal business, and perhaps the
only business, of the railway company was
to haul logs from the woods to the sawmill
of the J. F. Ball Bro. Lumber Company, and
the two corporations were owned by the same
stockholders and managed by the same in-
dividuals.

The plaintiffs first brought suit against the
J. F. Ball Bro. Lumber Company for dam-
ages for the death of their son, alleging that
he was employed by that company at the
time of his death.   Oliver C. Watson, father
of Carl Watson, brought suit against the
Natchez Ball & Shreveport Railway Com-
pany and the J. F. Ball Bro. Lumber Com-
pany and the Iron Mountain Lumber Com-
pany, in solido, for damages for the injury to
his son.   The latter concern was found to be
merely the name under which the J. F. Ball
Bro. Lumber Company transacted a part of
its business.

The two suits, arising from the same ac-
cident and depending largely upon the same
evidence, were consolidated for the purpose
of the trial in the district court, and were
tried together.   Before judgment was render-
ed in either suit, the present plaintiffs filed
this suit against the Natchez Ball & Shreve-
port Railway Company, for damages for
the death of their son, alleging that he
was employed by that corporation at the time
of the accident.   Separate judgments were
rendered in the consolidated suits, both being
dismissed.

The judgment of the district court, dis-
missing the suit of the present plaintiffs
against the J. F. Ball Bro. Lumber Com-
pany, was based upon the finding of the dis-
trict judge that the plaintiffs' son was em-
ployed, not by the J. F. Ball Bro. Lumber
Company, but by the Natchez Ball & Shreve-
port Railway Company.   The court held that
the defendant in that suit, J. F. Ball Bro.
Lumber Company, was not liable for dam-
ages, because that corporation was not the
employer of the plaintiffs' son, and that judg-
ment could not be rendered against the
Natchez Ball & Shreveport Railway Com-
pany in that suit, because that corporation
was not a party defendant.   The following is
a copy of the judgment, and reasons for judg-
ment, in full, viz.:

"The plaintiff institutes this suit against the J. F. Ball Bro. Lumber Company, Limited. The defendant denied employment of the minor, and the proof shows that the minor was in the employ of the Natchez Ball & Shreveport Railway Company at the time that he received his injury which resulted in his death. I do not think that the plaintiff has any right or cause of action against the J. F. Ball Bro. Lumber Company, Limited; and as the railroad company, in whose employ the boy was at the time of the accident, is not a party to this suit, no judgment can be rendered against the party sued. For these reasons, it is therefore ordered, adjudged, and decreed that plaintiff's suit be dismissed at his cost."

The plaintiffs in this suit did not appeal from the judgment rendered against them in the suit against the J. F. Ball Bro. Lumber Company. Oliver C. Watson appealed from the judgment rendere'd against him in his suit against the Natchez Ball & Shreveport Railway Company and the J. F. Ball Bro. Lumber Company and the Iron Mountain Lumber Company; and, on appeal, the judgment of the district court was annulled, and judgment was rendered in favor of the plaintiff against the J. F. Ball Bro. Lumber Company and the Natchez Ball & Shreveport Railway Company, in solido, for the sum of $6,000. A rehearing was granted only on the question of the quantum of damages, and the case was remanded for further evi'dence as to the effect of the injuries suffered by the boy, Carl Watson. See Watson v. J. F. Ball Bro. Lumber Co. et al., 132 La. 796, 61 South. 795.

In the opinion rendered by this court in Watson's Case, it was said:

"It is admitted that the Iron Mountain Lumber Company is not a judicial person, but is merely a name under which J. F. Ball Bro. Lumber Company, Limited, transacts part of its business; and the evidence shows that while the Natchez Ball & Shreveport Railway Company is incorporated, and appears to be the owner of a couple of logging roads which extend from different mills of the J. F. Ball Bro. Lumber Company into the woods, said corporation is practically owned and is wholly controlled by the same persons who own and control said mills, that practically its entire business consists in the handling of the logs and lumber used and produced by said mill, and that all of the employés who work upon or for said railroad or corporation and receive salaries or wages are paid by the J. F. Ball Bro. Lumber Company, Limited, through the Iron Mountain Lumber Company, Limited.

\*          \*          \*          \*          \*          \*          \*

"The J. F. Ball Bro. Lumber Company, Limited, and the Natchez Ball & Shreveport Railroad Company, are, as we have stated, practically owned and wholly controlled by the same people, and the interest of the two companies in the business which is done by them is so entirely in common as to be distinguished only, perhaps, as matter of bookkeeping, and even that distinction is not proved."

This court did not, however, in the decree rendered in Watson's Case, declare that the lumber company and the railway company had not a separate identity or corporate existence. On the contrary, the decree recognized the separate identity and corporate existence of each corporation, by con'demning them in solido to pay damages to the plaintiff.

After the judgment was rendered by this court in the case of Watson v. J. F. Ball Bro. Lumber Co. et al., the defendant in the present suit of Ely Mercer and Wife v. Natchez Ball & Shreveport Railway Company, filed a plea of res judicata in the district court, based upon the judgment of the district court, dismissing the suit of the present plaintiffs against the J. F. Ball Bro. Lumber Company. The contention of the defendant in this case was and is that the lumber company and the railway company are one an'd the same corporation. The district court took that view, maintained the plea of res judicata, and dismissed the plaintiffs' suit; from which judgment the plaintiffs prosecute this appeal.

## Opinion.

The fact that the lumber company and the railway company are interlocking corporations, engaged in a common enterprise, owned and controlled by the same stockholders, and managed by the same individuals, does not make them one corporation with two names. What this court held in Watson's Case was that the two corporations were so interrelated that they coul'd be held liable in

solido for damages for injuries to a servant employed by an agent of both corporations. But it was not held that the lumber company and the railway company were not, in fact or in contemplation of law, two distinct corporations. It would hardly be contended that, in an action by one of these corporations, a judgment could be rendered for or against the other. In the judgment that is invoked here as the basis for the plea of res judicata, it was held that a judgment could not be rendered against the railway company, because the suit was against the lumber company alone. How, then, can it possibly be held now that that judgment in favor of the lumber company is a judgment in favor of the railway company? The doctrine that a decree of a court of competent jurisdiction has the force of res judicata against the privies of the parties to the suit, as well as against the parties themselves, has no application to this case. The judgment appealed from is erroneous and must be reversed.

The judgment appealed from is annulled and reversed, the defendant's plea of res judicata is overruled, and it is ordered that this case be remanded to the district court to be tried upon its merits. The defendant, appellee, is to pay the cost of the appeal; the costs of the district court are to await the final judgment.